**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHANAN E. WILSON,

      Plaintiff-Appellant,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security
Administration,[*]

      Defendant-Appellee.

No. 13-5016
(D.C. No. 4:11-CV-00615-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **PHILLIPS** and **ANDERSON**, Circuit Judges, and **BRORBY**, Senior Circuit
Judge.

---

Shanan E. Wilson appeals from a district court order affirming the

Commissioner's denial of her application for Supplemental Security Income (SSI)

---

[*]     In accordance with Rule 43(c)(2) of the Federal Rules of Appellate Procedure,
Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant-appellee in
this action.

[**]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

benefits.  Exercising jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), we reverse and remand for further proceedings before the administrative law judge (ALJ).

## I.

Ms. Wilson applied for SSI benefits, alleging disability beginning in July 2005.  At step two of the sequential evaluation process, *see Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009), the ALJ found that she has the severe impairments of major depressive disorder, generalized anxiety disorder, personality disorder, asthma, obesity, and degenerative disc disease of the lumbar spine.  At step three, he found that she does not have impairments, alone or in combination, that meet or medically equal the listings.  The ALJ determined her residual function capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work, which includes lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; standing and/or walking (with normal breaks) for a total of 6 hours in an 8-hour workday; and sitting (with normal breaks) for a total of 6 hours in an 8-hour workday.  She has been diagnosed with an affective disorder and is limited to simple, unskilled work, superficial contact with co-workers and supervisors, minimal contact with the public, but is able to adapt to work situations.  The claimant is afflicted with symptoms from a variety of sources, to include mild to moderate, chronic pain, that are sufficiently severe as to be noticeable to her at all times; but, that nonetheless the claimant would be able to remain attentive and responsive in a work setting, and could carry out normal work assignments satisfactorily.  The claimant takes medication for relief of her symptoms; however, those medications do not preclude her from functioning at her residual functional capacity and she would remain reasonably alert to perform required functions in the work setting.

Aplt. App., Vol. 2 at 15 (citation omitted). The ALJ found at step four that Ms. Wilson could not perform her past relevant work with this RFC. But he determined at step five that there are jobs in the national economy that she could perform. Thus, the ALJ found that Ms. Wilson was not disabled. The Appeals Council denied her request for review. Ms. Wilson filed an appeal in the district court, and a magistrate judge affirmed the Commissioner's decision.[1]

## II.

Ms. Wilson raises three issues on appeal: (1) the ALJ failed to perform a proper determination at step five; (2) the ALJ failed to properly consider the medical source statements; and (3) the ALJ's credibility determination is faulty. "We review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). Because we conclude that the ALJ did not follow the correct legal standards in considering the opinion of a consultative examiner, we reverse and remand for further proceedings.

## A.

"It is the ALJ's duty to give consideration to all the medical opinions in the record. He must also discuss the weight he assigns to such opinions." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161 (10th Cir. 2012) (citation omitted). But an ALJ's error in failing to weigh a medical opinion can be harmless. If the

---

[1] The parties consented to proceed before a magistrate judge in the district court.

ALJ's RFC is "generally consistent" with the findings in an opinion, or if the RFC is "more favorable" to the claimant than the opinion's findings, then "[t]here is no reason to believe that a further analysis or weighing of [the] opinion could advance [the claimant's] claim of disability." *Id.* at 1163. In such a case, the error is harmless because the claimant cannot show that she was prejudiced by the ALJ's failure to give greater weight to the opinion. *See id.* at 1162–63.

Ms. Wilson does not contend that the ALJ failed to discuss the medical opinions in the record. She asserts that the ALJ failed to explain what weight he gave to each of them. The ALJ said the following:

> As for the opinion evidence, the record does not contain any opinions from treating or non-treating physicians indicating that the claimant is disabled, or has medical or functional limitations greater than those determined in this decision. Further, the residual functional capacity conclusions reached by the physicians employed by the State Disability Determinations Services are consistent with the medical evidence of record. Although those physicians were non-examining, and therefore their opinions do not as a general matter deserve as much weight as those of examining or treating physicians, those opinions do deserve some weight as they are experts in the Social Security program, and their opinions were not contradicted.

Aplt. App., Vol. 2 at 20.

Initially, it is clear that the ALJ assigned "some weight" to the opinions of the non-examining state agency physicians. He did not, however, indicate what weight he assigned to any other opinion in the record. The Commissioner contends it was unnecessary for the ALJ to weigh the other opinions because the ALJ stated that "the record does not contain any opinions from treating or non-treating physicians

- 4 -

indicating that the claimant is disabled, or has medical or functional limitations greater than those determined in this decision." *Id.* "When the ALJ does not need to reject or weigh evidence unfavorably in order to determine a claimant's RFC, the need for express analysis is weakened." *Keyes-Zachary*, 695 F.3d at 1162 (internal quotation marks omitted). Ms. Wilson disagrees, asserting that the ALJ's RFC is less favorable to her than the findings of Dr. Denise LaGrand, a consultative examiner who performed a psychological assessment of Ms. Wilson.

Dr. LaGrand completed a mental RFC form evaluating Ms. Wilson's ability to do work-related activities. As relevant here, she opined that Ms. Wilson has moderate restrictions related to her ability to (1) interact appropriately with supervisors; (2) respond appropriately to usual work situations; and (3) respond appropriately to changes in a routine work setting. By comparison, the relevant part of the ALJ's RFC provides: "[Ms. Wilson] has been diagnosed with an affective disorder and is limited to simple, unskilled work, superficial contact with co-workers and supervisors, minimal contact with the public, but is able to adapt to work situations." Aplt. App., Vol. 2 at 15. Ms. Wilson notes that, rather than including limitations in her RFC related to her ability to respond appropriately to usual work situations and changes in a routine work setting, the ALJ instead affirmatively stated that she "is able to adapt to work situations." *Id.* Therefore, she contends that she was prejudiced by the ALJ's failure to weigh Dr. LaGrand's opinion because it is not

- 5 -

clear that giving it greater weight "would not have helped her." *Keyes-Zachary*, 695 F.3d at 1163.

Ms. Wilson also argues that the ALJ erred by failing to explain why he appeared to adopt one moderate restriction from Dr. LaGrand's opinion with regard to her ability to interact appropriately with supervisors, while not including the doctor's other two moderate restrictions in her RFC.[2] In *Haga v. Astrue*, we held that "[a]n ALJ is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability," without explaining his reasoning. 482 F.3d 1205, 1208 (10th Cir. 2007); *see also Frantz v. Astrue*, 509 F.3d 1299, 1302–03 (10th Cir. 2007) (reversing and remanding based on *Haga* where the ALJ accepted some of the moderate restrictions in a mental RFC form but omitted other moderate restrictions from the RFC without discussion).

The Commissioner responds that the ALJ's RFC is consistent with all of Dr. LaGrand's moderate restrictions in the mental RFC form. The Commissioner first points to Dr. LaGrand's statement in her report accompanying the form that Ms. Wilson's "'ability to perform adequately in most job situations, handle the stress of a work setting and deal with supervisors is estimated to be **low average**.'" Aplee. Br. at 17 (quoting and adding emphasis to LaGrand report, Aplt. App., Vol. 3 at 480).

---

[2] Ms. Wilson argued in her opening brief that the ALJ omitted all of Dr. LaGrand's moderate restrictions from Ms. Wilson's RFC. But in her reply brief she concedes that the RFC includes a limitation regarding her ability to relate to supervisors that is generally consistent with Dr. LaGrand's opinion. *See* Aplt. Reply Br. at 9. We agree.

But the ALJ did not state in Ms. Wilson's RFC that she has a "low average" ability to respond appropriately to usual work situations and changes in a routine work setting. Rather, he placed no qualification on her ability "to adapt to work situations." Aplt. App., Vol. 2 at 15.

The Commissioner also emphasizes the definition of "moderate" in the mental RFC form, which provides that "moderate" means "[t]here is more than a slight limitation in this area but the individual is still able to function satisfactorily." *Id.*, Vol. 3 at 483. The Commissioner asserts that, "[g]iven the definition[] of 'moderate'. . . set forth on the form itself, the limitations the ALJ specified are entirely consistent with the consultative examiner's medical source statement form." Aplee. Br. at 17. The Commissioner thus maintains that the ALJ incorporated Dr. LaGrand's moderate restrictions regarding Ms. Wilson's ability to respond appropriately to usual work situations and adapt to changes in work settings by stating in her RFC that she "is able to adapt to work situations." Aplt. App., Vol. 2 at 15. In other words, the doctor's "moderate" restrictions mean that Ms. Wilson has no limitation in her ability to perform in these areas.

We rejected the Commissioner's argument in *Haga*. As in this case, the ALJ in *Haga* did not expressly reject a medical opinion, but he did not include in the claimant's RFC all of the moderate restrictions stated in it. *See* 482 F.3d at 1208. In an effort to explain this omission, the Commissioner pointed to the definition of "moderate" in the mental RFC form, noting "that a 'moderate' impairment . . . means

- 7 -

that the 'individual is still able to function satisfactorily.'" *Id.* We disagreed with the Commissioner's assertion that "a moderate impairment is . . . the same as no impairment at all." *Id.* We concluded that the doctor in *Haga* "clearly intended to indicate impairments on [the mental RFC] form." *Id.* And because the ALJ's RFC included limitations that were consistent with some of the moderate impairments in the medical opinion, we also said it was clear that the ALJ did not equate a "moderate" impairment with no impairment at all. *Id.* We therefore reversed and remanded because "the ALJ should have explained why he rejected four of the moderate restrictions on [the doctor's] RFC assessment while appearing to adopt the others." *Id.*

The Commissioner does not address *Haga* other than to assert that it is distinguishable because "[t]he impairments and limitations the ALJ found are entirely consistent with, and account for and encompass, the limitations Dr. LaGrand noted." Aplee. Br. at 21 n.7. But the Commissioner's consistency argument is based on the definition of "moderate" in the mental RFC form—the same contention that we rejected in *Haga*. We therefore agree with Ms. Wilson that the ALJ's RFC, as stated in the decision, is not generally consistent with Dr. LaGrand's medical opinion, and the ALJ's failure to weigh that opinion and explain why he accepted some, but not all, of its moderate restrictions, was not harmless error. *See Haga*, 482 F.3d at 1208; *Keyes-Zachary*, 695 F.3d at 1162-63. We reverse and remand to the ALJ for further consideration of Dr. LaGrand's opinion. If the ALJ intended to omit from

Ms. Wilson's RFC the doctor's moderate restrictions regarding her ability to adapt to a usual work setting and any changes in it, the ALJ should explain his reasons for doing so, as well as the weight he assigns to the opinion. If the ALJ intended to adopt these moderate restrictions from Dr. LaGrand's opinion, he should revise Ms. Wilson's RFC to include them.

**B.**

We do not reach Ms. Wilson's other claims at this time. She contends that the ALJ erred at step five by posing a hypothetical question to the vocational expert that did not include all of Dr. LaGrand's moderate restrictions. *See Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (holding that "testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision" (internal quotation marks and alteration omitted)). It is premature for the court to address this claim as its resolution may be affected by the ALJ's further evaluation of Dr. LaGrand's opinion on remand.

Ms. Wilson also asserts error in the ALJ's credibility determination. We note that the parties disagree as to what the ALJ's specific reasons were in support of his finding that Ms. Wilson was not fully credible. We have said that "findings as to credibility should be closely and affirmatively linked to substantial evidence," so that a reviewing court is not "left to speculate what specific evidence led [to the ALJ's credibility determination]." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995)

(internal quotation marks and brackets omitted).  Although an ALJ need not do a "formalistic factor-by-factor recitation of the evidence," he should "set[] forth the specific evidence he relies on in evaluating the claimant's credibility." *Keyes-Zachary*, 695 F.3d at 1167.  On remand, we invite the ALJ to clarify the specific reasons supporting his credibility determination.

## III.

The judgment of the district court is reversed.  We remand this case to the district court with instructions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Entered for the Court


Gregory A. Phillips
Circuit Judge